Reginald D. LAMPKINS, Appellant,

v.

UNITED STATES, Appellee.

No. 07–CF–401.

District of Columbia Court of Appeals.

Submitted April 9, 2009.

Decided April 14, 2009.*

As Amended May 28, 2009.

Peter H. Meyers, Washington, DC, appointed by the court, was on the brief for appellant.

* The decision in this case was originally released as a Memorandum Opinion and Judgment on April 14, 2009. It is now being published, with minor revisions, by direction of the court.

Jeffrey A. Taylor, United States Attorney, and Roy W. McLeese III, Mary B. McCord, David A. Last, and John V. Geise, Assistant United States Attorneys, were on the brief for appellee.

Before TERRY, SCHWELB and KING, Senior Judges.

PER CURIAM:

Reginald Lampkins was convicted of distribution of phencyclidine (PCP), in violation of D.C.Code § 48–904.01(a)(1); and possession of cocaine, in violation of D.C.Code § 48–904.01(d). He appeals, arguing the trial court erred in taking certain actions in conducting the trial and committed plain error in giving specified jury instructions. We affirm.

## FACTUAL SUMMARY

On the evening of June 7, 2006, the Metropolitan Police Department ("MPD") arrested Lampkins during counter narcotics operations in the 200 block of 37th Place, S.E. MPD Officers Brooks, Young and Durham were slowly driving along the street in an unmarked police vehicle, attempting to purchase narcotics. Young asked Wayne Walker, who was standing on the street, if he could provide any PCP. When Walker responded that he could, Young parked the vehicle, and Brooks exited to accompany Walker to a nearby location. Walker and Brooks walked down the street and met with Lampkins, at which point Lampkins and Walker moved briefly out of Brooks's view. Another officer, Washington, who was acting as an observer, saw Lampkins and Walker make an exchange. Walker returned to Young with three pieces of tinfoil containing PCP, for which Brooks paid using three prerecorded $10 bills. Moments later, an arrest team moved against both Walker and Lampkins. After their arrests, the officers searched both Lampkins and Walker. Walker was in possession of one of the prerecorded bills, and Lampkins, although not in possession of any of the prerecorded bills, had $109 in cash. A later station house search of Lampkins revealed crack cocaine concealed in a body cavity. After a jury trial, Lampkins was convicted and sentenced to concurrent sentences of 36 months for distribution of PCP and 180 days for possession of cocaine.

## ANALYSIS

■ Lampkins argues that the trial judge "violated his Due Process right to a fair trial" by "becoming a partisan for the government,"[1] improperly questioning a witness, and committing plain error in the giving of jury instructions. Because Lampkins failed to object to any of these instances during trial, we review for plain error. See Jones v. United States, 813 A.2d 220, 223–24 (D.C.2002); see also United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). "There must be an error that is plain and that affects substantial rights," and reversal is not appropriate "unless the error seriously affects the fairness, integrity or public reputation of the judicial proceedings." Id. (internal quotations and citations omitted).

■ Lampkins first argues the trial judge committed plain error when he *sua sponte* interjected during both Lampkins's and the government's questioning of witnesses. The trial court interjected to limit repetitive questioning by the parties. Because no objection was made, and because Lampkins cannot demonstrate bias by the trial court or any resulting prejudice, we

---

1. From our reading of the record we are satisfied that the actions of the trial judge do not suggest anything resembling partisanship for the government.

discern no plain error. *See Plummer v. United States*, 870 A.2d 539, 547 (D.C. 2005) (evidence of judicial bias must usually come from extrajudicial source); *Khaalis v. United States*, 408 A.2d 313, 355 (D.C.1979) (a court may interrogate a witness in aid of truth and furtherance of justice). Lampkins also argues the trial court committed plain error in allowing some of the prosecutor's leading questions. However, the trial court sustained the objections Lampkins did make, and the substance of the other questions by the prosecutor was largely cumulative. Because the leading questions would have resulted in cumulative testimony already before the jury, there was no prejudice, *see Bailey v. United States*, 831 A.2d 973, 984–85 (D.C. 2003) (prejudice from leading questions is supplying false memories to witnesses); *Arnold v. United States*, 511 A.2d 399, 412 (D.C.1986) (leading questions eliciting cumulative testimony reduce or eliminate prejudice), and therefore, we cannot discern an abuse of discretion by the trial court. *See Sherrod v. United States*, 478 A.2d 644, 652 (D.C.1984) (review of allegations of error regarding trial court's rulings on leading questions for abuse of discretion).

■ Lampkins also claims that the trial court erred in the giving of certain jury instructions. Specifically, Lampkins argues the trial court committed plain error by explaining the "attitude and conduct" of each of the jurors was important in reaching a verdict.[2] In *Jones v. United States*, 946 A.2d 970, 974 (D.C.2008), we held that a jury instruction favoring a verdict and instructing jurors to elevate a collective result over their individual opinions was reversible error. The instruction given by the trial judge here, however, did not include the objectionable language found in the *Jones* instruction where the jurors were told to "[b]ear in mind that you will make a definite contribution to efficient judicial administration if you arrive at a just and proper verdict in this case," and reminding them that their "purpose should not be to support your own opinion, but rather to ascertain and to declare the truth." *Id.* at 973. Because the jury instruction challenged here did not direct the jurors to disregard their own opinions in favor of judicial efficiency and the desirability of a collective verdict, we discern no error, much less plain error.

■ Lampkins also contends the trial judge committed error in the "physical presence" portion of the jury instructions,[3] because the jury was allowed to convict him of distribution of PCP without the necessary intent. In support of his argument, Lampkins cites our decisions in *Wilson–Bey v. United States*, 903 A.2d 818 (D.C.2006) (en banc), and *Kitt v. United States*, 904 A.2d 348 (D.C.2006), where we held the government must prove a criminal defendant's specific intent to commit a crime, when charged with aiding and abetting. This court has not extended its hold-

2. The instruction read, in part, "Now, let me conclude by suggesting that the attitude and the conduct of each of you as jurors in the beginning of your deliberations is very important. . . . Remember, you're not partisans or advocates in this case. You are judges. And the final test of the quality of your patient and attentive service in this case will lie in the verdict you render here in this courtroom, not in the preliminary opinions that any of you may have during your deliberations before you reach your verdict. Your contribution to justice will be measured by the justice of the verdict you return in open court."

3. The instruction read, in part, "Mere physical presence by the defendant at the place and time of the crime is committed is not by itself sufficient to establish his guilt. However, mere physical presence is enough if it is intended to help in the commission of the crime."

ings in *Wilson–Bey* and *Kitt* to include general intent crimes. *See Carter v. United States,* 957 A.2d 9, 19–20 (D.C.2008) (government must prove defendant's *mens rea* for assault with intent to commit robbery while armed); *Neal v. United States,* 940 A.2d 101 (D.C.2007) (defendant must have *mens rea* as either principal actor or aider and abettor for conviction of specific intent crimes). Because distribution of narcotics is a general intent crime, there was no error by the trial court when it gave the instruction challenged here. *See Holt v. United States,* 805 A.2d 949, 957 (D.C. 2002) (citing *Webster v. United States,* 623 A.2d 1198, 1206 (D.C.1993)). Accordingly, the judgment is

*Affirmed.*